OPINION OF THE COURT
Memorandum.
Order reversed, without costs, and the actions, more prop *962 erly proceedings under CPLR article 78, dismissed. The issue is not one of standing; it is whether plaintiff municipalities have a justiciable cause of action. Article 7 of the Real Property Tax Law is the exclusive avenue for judicial review of real property tax assessments "unless otherwise provided by law” (Real Property Tax Law, § 700). Yet, neither article 7 nor any other statute authorizes a municipality to seek judicial review of a special franchise assessment made by the State Board of Equalization and Assessment. Plaintiffs’ attempt to circumvent article 7 by allegations that the challenged assessments are illegal is unavailing. All errors of undervaluation, or even overvaluation, result, in a sense, in illegal assessments. To permit an article 78 proceeding or a declaratory judgment action whenever such errors, however caused, are alleged would eviscerate the exclusivity provision of the Real Property Tax Law.
Moreover, permitting judicial proceedings by a municipality seeking an increase in the State board’s special franchise assessment could create a morass of conflicting judicial decisions. Any adjudication in a taxpayer’s article 7 proceeding against the State board to reduce a special franchise assessment is binding on the local assessors "as though they had been parties to the proceeding” (Real Property Tax Law, § 740, subd 3). Hence, a contrary adjudication in litigation between the State board and the municipality would produce either peculiar problems of collateral estoppel or else a judgment that could be of no practical effect.
To illustrate, an action or proceeding brought by a municipality against a State board might result in a determination that the property had been undervalued. But that determination, at least if the taxpayer were not made a party, could not bar a subsequent adjudication of overvaluation in an article 7 proceeding brought by the taxpayer against the State board. Such an adjudication is, by statute, made binding on the municipality, thus leaving the first adjudication without practical effect (Real Property Tax Law, § 740, subd 3). This difficulty, it might be argued, dubiously, could be mitigated in part by requiring joinder of the taxpayer in any proceeding by the municipality. Other problems, however, are not resolved by such a device. For instance, an adjudication in an article 7 proceeding that the State board’s assessment was correct, binding on the municipality by statute, might be a bar to the municipality’s contention in a separate proceeding that the *963 property was undervalued, even though there was no opportunity to litigate that issue in the article 7 proceeding. The permutations are many, and the solutions, if there be any, not easily ascertained.
The short of the matter is that the Real Property Tax Law does not, it appears, contemplate or permit independent litigation over special franchise assessments between the local assessors and the State board. The State board performs functions with regard to special franchises that the local assessors themselves perform with regard to other real property. Disputes over the board’s assessments are to be resolved before final assessments are made, at hearings before the State board as provided by statute (Real Property Tax Law, §§ 610, 612). Plaintiffs in this case made no appearance at the hearing on the complaint of the taxpayer. Once the board made its final assessment, that assessment was to be treated as if the assessors had made it themselves, subject only to judicial review under article 7 at the instance of the taxpayer, but final as to the taxing entity, the municipality.
True, this conclusion leaves the State board’s final assessment of a special franchise effectively immune to attack for undervaluation, however great. But the potential for abuse is no greater than with other real property, where an assessment made by the local assessors is similarly insulated from attack for undervaluation. If, in justice, there be a need, and there appears to be, to eliminate this potential for abuse, the remedy is with the Legislature.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, and the actions dismissed in a memorandum. Question certified answered in the negative.